UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MY HEALTH, INC.,<br><br>v.<br><br>ALERE, INC. | Case No. 2:14-cv-652-JRG-RSP<br>**LEAD CASE** |
| MY HEALTH, INC.,<br><br>     *Plaintiff*,<br><br>v.<br><br>LIFESCAN, INC.,<br><br>     *Defendant*. | Case No. 2:14-cv-683-MHS-RSP<br>**CONSOLIDATED CASE** |

**LIFESCAN, INC.'S MOTION TO STAY THIS ACTION
PENDING *INTER PARTES* REVIEW IF IT IS NOT DISMISSED**

Defendant LifeScan, Inc. ("LifeScan") respectfully moves to stay this action pending the completion of an *inter partes* review ("IPR") of the patent-in-suit if this action is not dismissed on LifeScan's previously filed motion. Relevant facts are set forth below:

1) On August 18, 2014, LifeScan moved to dismiss this case on the authority of the Supreme Court's decision in *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014), on the ground that the patent-in-suit, U.S. Patent No. 6,612,985 (the '985 patent), is addressed to an abstract idea that is not eligible for patent protection under 35 U.S.C. § 101. That motion is fully briefed and awaiting decision. *See* Case No. 2:14-cv-683-MHS-RSP, Dkt. Nos. 15, 24, 27, 28.

2) On October 21, 2014, LifeScan, Biotronik, Inc. and Sotera Wireless, Inc., jointly submitted a petition to the Patent Office for *inter partes* review ("IPR") of the '985 patent (IPR2015-00102). Biotronik and Sotera are defendants in consolidated cases involving the '985 patent, captioned *My Health, Inc. v. Biotronik, Inc.*, Case No. 2:14-cv-00680-JRG-RSP (E.D. Tex.), and *My Health, Inc. v. Sotera Wireless, Inc.*, Case No. 2:14-cv-00663-JRG-RSP (E.D. Tex.).

3) On November 13, 2014, Biotronik and Sotera jointly moved to stay the cases against them pending completion of the IPR of the '985 patent. Their joint stay motion and the supporting declarations are attached as Exhibit A to the accompanying Declaration of Eugene M. Gelernter ("Gelernter Declaration"). That motion is Dkt. No. 22 in *My Health, Inc. v. Biotronik, Inc.*, Case No. 2:14-cv-00680-JRG-RSP (E.D. Tex.), and Dkt. No. 19 in *My Health, Inc. v. Sotera Wireless, Inc.*, Case No. 2:14-cv-00663-JRG-RSP (E.D. Tex.). My Health's opposition brief (and supporting exhibits), attached as Exhibit B to the Gelernter Declaration, is Dkt. No. 22 in the *Sotera* case and Dkt. No. 24 in the *Biotronik* case. Biotronik's and Sotera's

joint reply and supporting declaration, attached as Exhibit C to the Gelernter Declaration, is Dkt. No. 29 in the consolidated lead case, Case No. 2:14-cv-652-JRG-RSP.

4) Biotronik's and Sotera's joint stay motion, their reply brief, and the declarations supporting those submissions are incorporated by reference herein.

5) As Biotronik and Sotera have demonstrated, this court considers three factors in determining whether to stay a litigation pending the outcome of a reexamination proceeding: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005); *accord, e.g.*, *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-384-JDL, 2014 U.S. Dist. LEXIS 143426, at *6-7 (E.D. Tex. Oct. 8, 2014); *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-cv-00235-JRG, 2014 U.S. Dist. LEXIS 130645, at *8 (E.D. Tex. Sept. 18, 2014).

6) Each of the factors clearly favors a stay here. *First*, My Health cannot argue that a stay would cause it undue prejudice when it delayed in bringing this case for 2½ years after LifeScan launched its accused product, the OneTouch Verio IQ meter, in January 2012.[1] Nor would a stay work to My Health's tactical disadvantage; rather, My Health settled the two prior IPRs against its patent—one fully instituted and underway at the PTO—to its tactical advantage, depriving this court of the benefit of the PTO's insight into the scope and patentability of My Health's patent claim. *Second*, the IPR could dispose of the litigation entirely—not only as against LifeScan, but against the whole cadre of defendants—if the PTO holds My Health's patent invalid; this would be the "ultimate simplification of issues."

---

[1] LifeScan's press release announcing the launch is available at http://www.lifescan.com/about-us/news/61.

2

*VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014). *Third*, this litigation is in its infancy: a trial date has not been set, discovery has not commenced, and indeed My Health has not yet served its infringement contentions under the local rules. Thus, a balanced consideration of the factors clearly favors a stay.

        7)     Stays pending resolution of an IPR are routinely granted. *E.g.*, *Norman IP Holdings*, 2014 U.S. Dist. LEXIS 143426, at *6-7 (E.D. Tex. Oct. 8, 2014); *Intellectual Ventures II LLC v. SunTrust Banks, Inc.*, No. 1:13-cv-02454-WSD, 2014 U.S. Dist. LEXIS 142295, at *10 (N.D. Ga. Oct. 7, 2014); *Brixham Solutions Ltd. v. Juniper Networks, Inc.*, No. 13-cv-00616-JCS, 2014 U.S. Dist. LEXIS 58770, at *7 (N.D. Cal. Apr. 28, 2014); *Peschke Map Techs., LLC v. J.J. Gumberg Co.*, No. 12-1525-SLR, 2014 U.S. Dist. LEXIS 57113, at *8 (D. Del. Apr. 24, 2014); *e-Watch, Inc. v. ACTi Corp.*, No. SA-12-CA-695-FB, 2013 U.S. Dist. LEXIS 172928, at *34 (Aug. 9, 2013), *report and recommendation adopted by* 2013 U.S. Dist. LEXIS 172927 (W.D. Tex. Aug. 26, 2013); *see also Univ. of Va. Patent Found. v. Hamilton Co.*, No. 3:13-cv-00033, 2014 U.S. Dist. LEXIS 135202, at *6-8 (W.D. Va. Sept. 25, 2014) (granting stay pending IPR and collecting numerous additional cases doing same).

8) LifeScan respectfully submits that its motion to dismiss this case under *Alice* is meritorious and should be granted. However, if this case is not dismissed on LifeScan's motion then it should be stayed for the reasons set forth herein and in the joint stay motion that Biotronik and Sotera previously filed.

Dated: December 30, 2014

*Of Counsel*:

Gregory L. Diskant
gldiskant@pbwt.com
Eugene M. Gelernter
emgelernter@pbwt.com
Andrew D. Cohen
acohen@pbwt.com
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2000
Facsimile: (212) 336-2222

Respectfully submitted,

*/s/ Michael E. Jones*
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON P.C.
110 North College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Defendant LifeScan, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 30, 2014.

*/s/ Michael E. Jones*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies, pursuant to Local Rule CV-7(i), that counsel for LifeScan has complied with the meet and confer requirement of Local Rule CV-7(h), and this motion is opposed. Specifically, Eugene M. Gelernter met and conferred with Brett Johnson, counsel for My Health, by telephone on December 22, 2014, and no agreement could be reached regarding this motion.

*/s/ Michael E. Jones*