# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MY HEALTH, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALERE, INC., <br><br> Defendant | Case No. 2:14-cv-00652-JRG-RSP <br><br> **Lead Case** |
| MY HEALTH, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOTERA WIRELESS, INC., <br><br> Defendant | Case No. 2:14-cv-663-JRG-RSP <br><br> **Consolidated Case** |
| MY HEALTH, INC., <br><br> Plaintiff, <br><br> v. <br><br> BIOTRONIK, INC., <br><br> Defendant | Case No. 2:14-cv-00680-JRG-RSP <br><br> **Consolidated Case** |

**MY HEALTH, INC.'S SUR-REPLY TO DEFENDANTS BIOTRONIK'S AND SOTERA'S REPLY BRIEF IN SUPPORT OF THEIR JOINT MOTION FOR STAY PENDING INITIAL AND FINAL RESOLUTION OF *INTER PARTES* REVIEW**

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................1

II. ARGUMENT ........................................................................................................................1

    A. Movants' attempt to distinguish the applicable burden under *Landis* should be rejected. ..........................................................................................................1

    B. The Movants have not shown that a stay would not be unduly prejudicial to Plaintiff. ............................................................................................................3

    C. An IPR's ability to simplify issues is speculative. ................................................4

    D. Being in the early stages of litigation does not require favoring a stay when the IPR is also in its earliest stages. ...............................................................5

III. CONCLUSION .....................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Braintree Labs, Inc. v. Novel Labs, Inc.*,
749 F.3d 1349 (Fed. Cir. 2014) ..................................................................................................4

*Cherokee Nation of Oklahoma v. United States*,
124 F.3d 1413 (Fed. Cir. 1997) ..............................................................................................2, 5

*Coastal (Bermuda) Ltd. v. E. W. Saybolt & Co., Inc.*,
761 F.2d 198, 204 n.6 (5th Cir. 1985) ....................................................................................2, 5

*Implicit Networks, Inc. v. Advanced Micro Devices, Inc.*,
No. 08-184, 2009 WL 357902 (W.D. Wash. Feb. 9, 2009) .......................................................3

*In re Medical Components, Inc.*,
535 Fed. App'x 916 (Fed. Cir. 2013) ........................................................................................2

*Invensys Sys. Inc. v. Emerson Elec. Co.*,
No. 6:12-cv-799 (E.D. Tex. July 25, 2014) ...............................................................................4

*Landis v. North America Company*,
299 U.S. 248 (1936) ...................................................................................................................1

*Landmark Tech., LLC v. iRobot Corp.*,
No. 6:13-cv-411-JDL, 2014 WL 486836 (E.D. Tex. Jan. 24, 2014) .........................................3

*Lennon Image Tech., LLC, v. Lumondi, Inc.*,
Case No. 2:13-cv235-JDG (E.D. Tex. 2014) .............................................................................5

*Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*,
No. 2-13-cv-00239-JRG (E.D. Tex. Sept. 18, 2014) .................................................................3

*Sandisk Elecs. Corp. v. Phision Elecs. Corp.*,
538 F. Supp. 1060 (W.D. Wis. 2008) ........................................................................................1

*Soverain Software LLC v. Amazon, Inc.*,
356 F.Supp.2d 660 (E.D. Tex. 2005) .........................................................................................5

**Statutes**

35 U.S.C. § 101 ...............................................................................................................................5

35 U.S.C. § 102 ...............................................................................................................................4

35 U.S.C. § 103 ................................................................................................................................4

35 U.S.C. § 112 ................................................................................................................................5

35 U.S.C. § 282(a) ...........................................................................................................................4

35 U.S.C. § 315(e)(2) .......................................................................................................................5

35 U.S.C. § 316(e) ...........................................................................................................................4

I. INTRODUCTION

Defendants Biotronik, Inc. and Sotera Wireless, Inc., (*"Movants"*) filed a motion for stay (the "*Motion*") pending *inter partes* review ("*IPR*"). After My Health's response ("*Response*") and Movants' Reply (*"Reply"*), My Health *("Plaintiff"*) now enters this Sur-Reply. For the most part the Reply fails to address the reasons set forth in Plaintiff's Opposition why a stay is not appropriate. For the reasons set forth in the Response and below the Court should deny the Motion.

II. ARGUMENT

A. **Movants' attempt to distinguish the applicable burden under *Landis* should be rejected.**

Movants assert that the Supreme Court's ruling in *Landis v. North America Company*, 299 U.S. 248 (1936), which held that that the movant for a stay carries a "heavy burden" should be limited to the facts of that case. Specifically, Movants state that *Landis* only applies when there are other parties that could be affected by a stay. (Opposition, p. 1 quoting *Landis* ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.").) Movants cite an unpublished Federal Circuit case and a District of Wisconsin case to support their position that Movants are not required to meet the "heavy burden" standard of *Landis* in the present case.

The Western District of Wisconsin case, *Sandisk Elecs. Corp. v. Phision Elecs. Corp.*, 538 F. Supp. 1060 (W.D. Wis. 2008), stated that *Landis* was directed to cases where third parties' interest were in play. *Sandisk* ultimately concluded that the "heavy burden" standard was not appropriate in that case, under the specific facts presented, and noted that "[i]n this case, both complaints were filed by plaintiff and all of the defendants in Case No. 605 *are also respondents before the commission*, so no one but the parties will be affected by a stay." *Id*. (emphasis

added). Assuming *arguendo* that this Court were to follow the Western District of Wisconsin in *Sandisk*, the facts of that case are still distinguishable from the facts of the present case. In the present case there are eight other defendants in this consolidated action that did not join in the motion to stay.[1] Consequently, even under Movant's reading of the applicably of *Landis*, Movants should be required to meet a "heavy burden" to show that a stay is applicable because other parties will be affected by a stay.

Movants also cite an unpublished Federal Circuit case for the proposition that they should not have to meet the "heavy burden" standard unless other parties' rights are at issue. (Reply, p. 2, citing *In re Medical Components, Inc.*, 535 Fed. App'x 916 (Fed. Cir. 2013).) For the same reasons as *Sandisk*, *Medical Components* does not stand for the proposition that a "heavy burden" standard should not be applied in this case. Further, Movants fail to recognize or distinguish *Coastal (Bermuda) Ltd. v. E. W. Saybolt & Co., Inc.*, 761 F.2d 198, 204 n.6 (5th Cir. 1985)[2] that they "carry [their] heavy burden [of] show[ing] why a stay should be granted," and *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997), which required the showing of a "pressing need" for a stay.

As Plaintiff stated in its Response, it is not asserting that the three factors guiding whether to grant a stay should not be considered. Plaintiff's position is that the three factors should not be considered balancing factors but rather should be considerations that provide guidance on the ultimate issue of whether Movants have met their "heavy burden" (as articulated

---

[1] Defendant Lifescan, Inc. is a party to the IPR but did not join in this Motion. Instead, Lifescan recently filed a different motion to stay seeking different relief (a stay only if Lifescan's pending motion to dismiss is denied) than is sought by this Motion. Lifescan's rights could be affected if this Court grants this Motion before the determination of Lifescan's motion to dismiss.

[2] Fifth Circuit law applies to procedural issues. *In re Apple, Inc.*, 581 Fed. Appx. 886 (Fed. Cir. 2014) ("We apply regional circuit law, in this case Fifth Circuit law, to procedural issues and issues that do not involve substantive patent law.").

by the Supreme Court and the Fifth Circuit) or a "pressing need" as (articulated by the Federal Circuit) of showing that a stay should be granted.

### B. The Movants have not shown that a stay would not be unduly prejudicial to Plaintiff.

Movants unpersuasively argue that the delay is not technically infinite, and is therefore not unduly prejudicial. Plaintiff agrees that there will be an end to the IPR at some point in the future. The fact that there will be an end, however, does not change the reality that the end is likely at least four years away—a long time. As this court has recognized, this is effectively an "indefinite period of time." *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2-13-cv-00239-JRG (E.D. Tex. Sept. 18, 2014).

Citing one case from the Western District of Washington, Movants conclude that "[c]ourts have consistently found that non-practicing entities like Plaintiff cannot be unduly prejudiced by a stay because monetary damages provide adequate redress for infringement. Reply Brief at 3 (citing *Implicit Networks, Inc. v. Advanced Micro Devices, Inc.*, No. 08-184, 2009 WL 357902, *3 (W.D. Wash. Feb. 9, 2009)). As Plaintiff established in its Response Brief, neither non-practicing status, nor any single factor, is by itself dispositive. Courts look at the totality of the circumstances of each particular. Response Brief at 10-11 (citing *Landmark Tech., LLC v. iRobot Corp.*, No. 6:13-cv-411-JDL, 2014 WL 486836, at *4 (E.D. Tex. Jan. 24, 2014)).

As Plaintiff established in its Response Brief, a stay would provide Movants with a clear tactical advantage. Movants' one sentence tactical advantage discussion ("Biotronik and Sotera are not seeking an improper delay or tactical advantage") fails to address the actual tactical advantage issue, as articulated by Movant's counsel on their respective websites and quoted in the Response. (*See* Reply Brief at 4).

### C. An IPR's ability to simplify issues is speculative.

Movants' extrapolation that the IPR will simplify the issues is speculative at best. There are several reasons for this. First, it remains to be seen whether the IPR petition will be granted, let alone whether the claims will be invalidated. Second, the speculation is based solely on the fact that previous IPRs were instituted: it is important to recognize that all instituted IPRs were terminated because the parties settled the matter, so there is no way of knowing what the result would have been. Thus, there is no basis for assuming how the IPR in this case will be resolved—if it is even granted.

Moreover, Movants do not address the argument that potential simplification is inherently limited because of the differences in the burden of proof and differences in claim construction between IPR and the district court. *Invensys Sys. Inc. v. Emerson Elec. Co.*, No. 6:12-cv-799, at *4-5 (E.D. Tex. July 25, 2014). 35 U.S.C. §316(e); 35 U.S.C. §282(a); *Braintree Labs, Inc. v. Novel Labs, Inc.*, 749 F.3d 1349, 1358 (Fed. Cir. 2014).

Further, the case Movants relied on in their Reply to assert that a PTAB's likelihood of finding that all asserted claims are invalid weighs in favor of granting a stay involved a Covered Business Method ("*CBM*,") review, not an IRP. *VirtualAgility*, 759 F.3d at 1314. Unlike an IPR, a CMB relates to disfavored business methods, which is not relevant to the present issue, and unlike an IPR proceeding, a CBM proceeding provides statutory authority for a stay and immediate appellate review of the denial of a stay, pending the CBM.

Finally, Movants did not address the argument that simplification is limited because issues remaining after IPR may be significant. Movants may be estopped from raising § 102 and § 103 invalidity because they could have raised them during the inter partes review, but they will

4

still be able to assert other invalidity theories.[3] Further, defendants from consolidated cases may argue that they are entitled to raise all grounds of invalidity if they are not joined in the IPR.

    **D. Being in the early stages of litigation does not require favoring a stay when the IPR is also in its earliest stages.**

Movants have failed to refute the contention that both the trial proceedings and the IPR being in early stages should weigh against a stay. They argue that *Lennon Image Tech., LLC, v. Lumondi, Inc.,* Case No. 2:13-cv235-JDG (E.D. Tex. 2014) is inapplicable because in that case the proceedings were further along. *Lennon*, however, emphasizes the importance of not needlessly delaying litigation "based solely on speculation of what might possibly happen during … a possible IPR." *Lennon*, No. 2-13-cv-00235-JRG, at * 6 (citing *Soverain Software LLC v. Amazon, Inc.*, 356 F.Supp.2d 660, 662-63 (E.D. Tex. 2005)). Further, Movants did not address the argument that an IPR stay granted this early in the litigation would needlessly delay the discovery phase of litigation.

## III. CONCLUSION

Because Movants have failed to "carry [their] heavy burden [of] show[ing] why a stay should be granted," *Coastal (Bermuda) Ltd. v. E. W. Saybolt & Co., Inc*., 761 F.2d 198, 204 n.6 (5th Cir. 1985), and have not shown a "pressing need" for a stay, *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997), the Court should deny the Motion.

Dated: January 9, 2015                   Respectfully submitted,

                                                      By: */s/*Brett I. Johnson
                                                      Joseph G. Pia (Admitted in this District)
                                                      joe.pia@padrm.com
                                                      Utah State Bar No. 9945
                                                      Brett Johnson (Admitted in this District)
                                                      Utah State Bar No. 9337

---

[3] U.S.C. §315(e)(2). (Movants will still be able to assert §§ 101 and 112 invalidity theories in the proceedings after the inter partes review).

bjohnson@padrm.com
PIA ANDERSON DORIUS REYNARD & MOSS
222 South Main Street, Suite 1830
Salt Lake City, Utah 84101
Telephone: (801) 350-9000
Facsimile: (801) 350-9010

S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
D. Jeffrey Rambin
State Bar No. 00791478
jrambin@capshawlaw.com
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

John T. Polasek
State Bar. No. 16088590
tpolasek@pqelaw.com
C. Dale Quisenberry
State Bar No. 24005040
dquisenberry@pqelaw.com
POLASEK, QUISENBERRY & ERRINGTON,
L.L.P.
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 778-6000
Facsimile: (832) 778-6010

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 9, 2015 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

/s/Brett I. Johnson